## Leonard GINTER *v*. STATE of Arkansas

CR 84-74                                          669 S.W.2d 475

### Supreme Court of Arkansas
### Opinion delivered June 4, 1984

Petitioner, *Pro Se.*

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for respondent.

PER CURIAM. Appellant demanded mandate and writ of certiorari. Writ of Certiorari was issued to the trial court to send up the record of the Circuit Clerk within 10 days.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The petitioner has been in custody since June 4, 1983, a period of almost one year. He has not been convicted of a crime. He is charged with the murder of the sheriff of Lawrence County. At the time the sheriff was killed the petitioner was handcuffed and held outside his own home. There was no search warrant at the time the officers surrounded, invaded, and burned petitioner's home. His wife, who was also handcuffed at the time, was also charged with the murder of the sheriff. Hearings in the case were held on several dates including December 5, 6, and 7, 1983. One trial date for petitioner was set on March 19, 1984. The court reporter failed to have the transcript of the earlier hearings prepared prior to March, 1984, and a continuance was requested.

Petitioner has filed what he termed a demand for mandamus. He has also filed handwritten petitions for habeas corpus; a request that the trial judge be required to recuse; a petition for dismissal pursuant to the speedy trial rule; and a petition for certiorari. Petitioner hand printed this material on plain paper while confined to his jail cell.

Although the petitions may be lacking in formality and legal finesse, they are written in plain terms which I think the members of this court understand. The trial court has refused to grant bail to the petitioner. The petitioner alleges that other individuals in the jurisdiction, charged with capital crimes, have been released on bail of $25,000 or less. He alleges and states the facts in support of the allegation that he is denied equal treatment of the law. The Constitution of the State of Arkansas, Article 7, section 4, states: "The Supreme Court . . . shall have a general superintending control over all inferior courts of law and equity; . . . it shall have the power to issue writs of . . . certiorari, habeas corpus, prohibition, mandamus . . . Its judges shall be conservators of the peace throughout the State and shall severally have power to issue any of the aforesaid writs." Arkansas Stat. Ann. § 34-1702 (Repl. 1962) states that a judge of the supreme court shall have the power to issue writs of habeas corpus. Therefore it is my opinion that any member of this court has the authority to grant the request of the petitioner.

Arkansas R.Cr.P. Rule 28.1(a) states that any defendant charged with an offense in circuit court and incarcerated in a city or county jail in this state pending trial shall be released on his own recognizance if not brought to trial within nine (9) months from the time provided in Rule 28.2 excluding only such periods of necessary delay as are authorized in Rule 28.3.

The Constitution of the State of Arkansas, Article 2, section 8, states: "nor shall any person . . . be deprived of life, liberty or property, without due process of law. All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great." Amendment 8 to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Amendment 14 to the United States Constitution prohibits states from making or enforcing laws which deprive any person of life, liberty, or property without due process of law. The amendment also prohibits any state from denying any person within its boundaries equal protection of laws.

The petitioner has managed to pay $2,800 to the court reporter to type 250 pages of testimony taken before the trial court. Pursuant to our rules it was rejected because the clerk had not certified the record. We have the testimony before us which appellant wished us to consider. This court has refused to consider the allegations of the petitioner which, if true, clearly show that he is being illegally detained in prison in violation of the rules of this court, the statutes of the State of Arkansas and the Constitutions of the State of Arkansas and of the United States. This is truly a case where we are allowing technicalities to unnecessarily interfere with the rights of a citizen of the State of Arkansas.

I think this court should at the very least allow the appellant to be released on bail, which right has, so far that I know, always been granted to other citizens in similar circumstances. Unless good cause is shown our rules of criminal procedure require that petitioner be released on his own recognizance. Since the trial court has refused to set bail then this court, as it has done many times before, should set bail for the release of the petitioner pending a trial on the charges for which he is being held.